**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

| | |
|---|---|
| Patrick Mason, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Elevated Moving Experts, LLC,<br><br>Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

**Nature of this Action**

1. Patrick Mason ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Elevated Moving Experts ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent.

3. Specifically, Defendant routinely and repeatedly calls consumers' cellular telephone numbers—like Plaintiff—while leaving artificial or prerecorded voice messages to suspected homeowners in an effort to gauge their interest in Defendant's moving and packing broker services.

4. Additionally, upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing telephone call to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

**Parties**

5. Plaintiff is a natural person who at all relevant times resided in Rockwall, Texas.

6. Defendant is a Delaware limited liability company that provides inter-state and intra-state moving and packing services, both in Florida and throughout the United States.

7. Defendant is actively registered Broker of Household Goods with the Federal Motor Carrier Safety Administration ("FMCSA"), bearing USDOT Number 4208011.

8. Upon information and belief, Defendant is actually headquartered in and ultimately operates out of Florida, as its primary mailing address is in Miami, Florida per FMCSA records.[1]

**Jurisdiction and Venue**

9. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), (c)(5) and 28 U.S.C. § 1331.

10. This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193(1)(a)(1) and (a)(2) as Defendant is headquartered in and maintains an office in the State of Florida, carries on its business venture within the State of Florida (particularly because its standard moving agreement subjects *all* customers to the laws of Florida, requiring any federal court litigation to be filed in this District), and because it called Plaintiff's cellular telephone number from this District.[2]

11. Additionally, this Court's personal jurisdiction over Defendant satisfies the Due

---

[1] Upon information and belief, the "principal place of business" for Defendant listed in FMCSA's records is a registered agent office, not actual Defendant's place of business.

[2] https://elevatedmovingexperts.com/termsandconditions at ¶ 12 ("12. It is agreed by the parties as mandatory that this agreement shall be governed by the internal laws of the state of Florida without regard to the principles of conflicts of law. Any dispute arising out of or relating to this agreement shall be brought in the courts or record of the state of Florida in Palm Beach County or the court of the United States, Southern District of Florida in Palm Beach Florida. If any party does not have a registered agent to accept service of process in Florida or is not otherwise subject to service after reasonable attempts, then such party agrees to accept service of process by U.S. mail.") (last visited October 7, 2026).

Process Clause, as: (1) Defendant's telemarketing campaigns that give rise to this Complaint are designed to entice consumers to enter into contracts subject to Florida choice of law and venue provisions; (2) Defendant purposefully availed itself of jurisdiction within the State of Florida through initiating telemarketing campaigns out of this District as Defendant's mailing address is within this District; and (3) it is reasonably foreseeable for Defendant to be haled into Court in the State of Florida (and specifically this District) given that Defendant subjects consumers to the choice of law and venue provisions referenced *supra*.

12. Venue is proper before this Court under 28 U.S.C. §§ 1391 (b)(1) and (b)(2) as Defendant is headquartered in this District, and because Defendant engaged in the complained-of conduct from this District.

13. In particular, Defendant directed its solicitation calls and artificial or prerecorded voice messages to Plaintiff's telephone from this District.

**Factual Allegations**

14. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(979) 255-XXXX.

15. Plaintiff uses his cellular telephone as his personal residential telephone number.

16. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

17. Plaintiff registered his cellular telephone number with the DNC Registry on August 5, 2023, and has maintained that registration through the present date.

18. Between May 2026 and June 2026, Plaintiff received a plethora of telephone calls from (855) 538-0050, with numerous prerecorded voice messages delivered to his cellular telephone:




19. Samples of these voice messages can be found HERE.

20. One of the May 21, 2026 calls, and one of the June 5, 2026 calls, left prerecorded voice messages delivered to Plaintiff's cellular telephone.

21. In these prerecorded voice messages, a caller by the name of "Pete" mentions a "Homestead Movers," congratulating Plaintiff on listing his home on the market, and offering a general solicitation to assist with an "upcoming move."

22. The two voicemails are prerecorded messages as they are virtually identical in content, tone, and pacing to one another, and are completely generic in nature.

23. The purpose of the prerecorded voice messages at issue was to advertise and to market Defendant's moving or packing services.

24. Defendant's voicemails confirm that they were made without Plaintiff's consent, as the voicemails begin with references to Defendant noticing that Plaintiff's listed a property for sale, and an attempt to offer future moving services based on an assumption that listing a property for sale would eventually require some sort of moving services, rather than in response to a consumer inquiry.

25. Additionally, on May 21, 2026 and May 27, 2026, Defendant sent from telephone number (855) 538-0050 two text messages conveying similar messaging as the aforementioned voicemails:



26. In total, Defendant called Plaintiff at least seven times, including telephone voice calls and text messages, in a one-year period.

27. Upon information and belief, due to the number and repetition of telephone calls, Plaintiff believes that Defendant placed additional telephone calls to Plaintiff not specified above.

28. Plaintiff did not recognize the sender of these telephone calls and prerecorded voice messages.

29. Plaintiff did not request any services discussed in the subject telephone calls or prerecorded voice messages.

30. Plaintiff is not, and was not, interested in Defendant's services or marketing.

31. Plaintiff had not recently listed his home for sale, contrary to the messaging from Defendant.

32. Plaintiff did not recognize the names or phone number associated with these voice messages, and had not initiated inquiries regarding any aspect of moving services.

33. On June 19, 2026, as Plaintiff was irritated with these repetitive and harassing calls, initiated a call to (855) 538-0050 solely to investigate who was behind these repetitive calls.

34. When he called that specific number, he was directed to Defendant, who identified itself as Elevated Moving Experts.

35. Defendant's website— https://elevatedmovingexperts.com/home—indicates that it offers a variety of packing and moving services.

36. As referenced *supra*, Defendant's website contains its standard moving agreement, which conditions the moving services on the payment of fees.[3]

[3] https://elevatedmovingexperts.com/termsandconditions ("7. As the customer, I agree to pay the total charges for the moving coordinator services to be provided by Elevated Moving Experts LLC. I understand and agree that my deposit/fee represents only a portion of my total

37. Various consumer complaints from the (855) 538-0050 telephone corroborate Plaintiff's experience with unsolicited communications from Defendant, including those which identify Defendant by name:

855-538-0050

855 area code: Toll-free

Read comments below about 8555380050. Report unwanted calls to help identify who is using this phone number.

**John**
8 Jan 2026
+1

Hey, this is Pete with Elevated Moving experts. Just saw your home hit the market. Would love the opportunity to earn your business and offer you a quote

*Caller: Elevated Moving experts*
*Call type: Text message*

Reply !

**me**
6 Aug 2026
+1

855-538-0050 Made an unsolicited call and a text on the same day to a person on the do not call list,saying it was "pete" from a moving company!!

*Call type: Telemarketer*

Reply !

*post pending moderator approval*

**Hillary**
18 Sep 2026
0

Unsolicited call to my DNC listed number claiming to be from Homestead Movers.

*Caller: Homestead Movers*
*Call type: Telemarketer*

Reply !

**That Guy Dave**
25 Sep 2026
+1

Continually calls and texts asking if we need movers. I have seen this is not even a real moving company.

*Caller: Homestead Movers*
*Call type: Scam suspicion*

Reply ! [4]

---

estimated service charges, for scheduling and routing purposes. My deposit/fee is non-refundable after placing the reservation for scheduling purposes. All requests to change my pickup date, or place the move on hold, must be made at least 5 business days (Saturday, Sundays and holidays excepted) prior to the pack or load date (whichever applies) listed above. I am only entitled to receive a credit of my deposit for a future interstate move which I must use within a 24 month period from the date of my original reservation. All deposits will show on your billing cycle under Elevated Moving Experts LLC.") (last visited October 8, 2026).

[4] https://800notes.com/Phone.aspx/1-855-538-0050 (last visited October 8, 2026).

38. Upon information and belief, "Homestead Movers" is a moniker to obfuscate Defendant's identify until it communicates with interested consumers.

39. Plaintiff did not give Defendant prior express consent or prior express written consent to place calls to his cellular telephone number by using an artificial or prerecorded voice.

40. In fact, given the number of complaints alleging that Defendant repeatedly calls consumers without consent, Defendant does not seek to obtain prior express consent, or prior express written consent, as a matter of course.

41. Upon information and belief, and in light of the nature and character of the voice messages at issue, including the delivery of repeated identical voice messages, Defendant used a prerecorded voice to deliver calls to Plaintiff's cellular telephone number.

42. Upon information and belief, Defendant placed the calls to Plaintiff's cellular telephone number for non-emergency purposes.

43. Upon information and belief, Defendant placed the calls to Plaintiff's cellular telephone number voluntarily.

44. Upon information and belief, Defendant placed the calls to Plaintiff's cellular telephone number under its own free will.

45. Upon information and belief, Defendant had knowledge that it was using an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

46. Upon information and belief, Defendant intended to use an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number.

47. The purpose of the solicitation calls at issue was to advertise and to market Defendant's business or services.

48. Plaintiff did not give Defendant prior express invitation or permission to place advertising or telemarketing calls to his cellular telephone number.

49. Plaintiff suffered actual harm as a result of the communications at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

50. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

**Class Action Allegations**

51. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes (the "Classes"):

**Robocall Class:**

> All persons and entities throughout the United States (1) to whom Elevated Moving Experts, LLC placed, or caused to be placed, a call directed to a number assigned to a cellular telephone service, but not assigned to a customer of Elevated Moving Experts, LLC, (2) by using an artificial or prerecorded voice, (3) from four years preceding the date of this complaint through the date of class certification.

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Elevated Moving Experts, LLC delivered, or caused to be delivered, more than one telephone call within a 12-month period, promoting Elevated Moving Experts, LLC's, or its business partners', goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Elevated Moving Experts, LLC delivered, or caused to be delivered, at least two of the telephone calls within the 12-month period, (3) where the person was not a current customer of Elevated Moving Experts, LLC, (4) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**

> All persons and entities throughout the United States (1) to whom Elevated Moving Experts, LLC placed, or caused to be placed, more than one call within a 12-month period, promoting Elevated Moving Experts, LLC's, or their business partners' goods or services, (2) where the subject calls did not state the name of the individual caller, the name of Elevated Moving Experts, LLC, and a telephone number or

address at which Elevated Moving Experts, LLC may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

52. Excluded from the Classes are Defendant, its officers, directors, managers, and members, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

53. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

54. The exact number of members of the Classes are unknown to Plaintiff at this time and can be determined only through appropriate discovery.

55. The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

56. In addition, the members of the Classes are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

57. Plaintiff's claims are typical of the claims of the members of the Classes.

58. As they did for all members of the Robocall Class, Defendant placed telephone calls by using an artificial or prerecorded voice to Plaintiff's cellular telephone number absent prior express consent.

59. As they did for all members of the Federal Do-Not-Call Registry Class, Defendant delivered solicitation telephone calls to Plaintiff's telephone number more than thirty days after Plaintiff registered his cellular telephone number with the DNC Registry, absent prior express written consent.

60. As it did for all members of the Sender Identification Class, Defendant placed solicitation telephone calls to Plaintiff's telephone number where the subject telephone calls did

not state the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted.

61. Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendant.

62. Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

63. Plaintiff suffered the same injuries as the members of the Classes.

64. Plaintiff will fairly and adequately protect the interests of the members of the Classes.

65. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

66. Plaintiff will vigorously pursue the claims of the members of the Classes.

67. Plaintiff has retained counsel experienced and competent in class action litigation.

68. Plaintiff's counsel will vigorously pursue this matter.

69. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

70. The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Classes.

71. Issues of law and fact common to all members of the Classes are:

a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing telephone calls and voice messages;

b. For the Robocall Class, Defendant's practice of placing telephone calls to cellular telephone numbers, with the use of an artificial or prerecorded

voice, absent prior express consent;

c. For the Federal Do-Not-Call Registry Class, Defendant's practice of placing telephone calls, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days, absent prior express written consent;

d. For the Sender Identification Class, Defendant's practice of placing telephone calls, for solicitation purposes, without identifying the name of the individual sender, the name of Defendant, and a telephone number or address at which Defendant may be contacted;

e. Defendant's violations of the TCPA; and

f. The availability of statutory penalties.

72. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

73. If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

74. The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

75. The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

76. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.

77. The damages suffered by the individual member of the Classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

78. The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

79. There will be no extraordinary difficulty in the management of this action as a class action.

80. Defendant acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**On behalf of the Robocall Class**

81. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-80.

82. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by delivering artificial or prerecorded voice messages to Plaintiff's cellular telephone number without prior express consent.

83. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the Robocall Class, are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Federal Do-Not-Call Registry Class**

84. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-80.

85. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (same); *McGonigle v. Office Depot, LLC*, No. 9:25-cv-80069-WPD, 2026 U.S. Dist. LEXIS 181722, at *21 (S.D. Fla. Aug. 14, 2026) ("Unless the Eleventh Circuit or the Supreme Court issue an opinion holding that a text message is a call for the purpose of the TCPA, this Court will continue to follow existing Eleventh Circuit precedent and hold that a text message is a call for the purpose of the TCPA.").

86. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

87. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

88. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

89. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and members of the Federal Do-

Not-Call Registry Class who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

90. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call in a 12-month period in violation of 47 C.F.R. § 64.1200.

91. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

**Count III**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Sender Identification Class**

92. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-80.

93. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009); *McGonigle v. Office Depot, LLC*, No. 9:25-cv-80069-WPD, 2026 U.S. Dist. LEXIS 181722, at *21 (S.D. Fla. Aug. 14, 2026) ("Unless the Eleventh Circuit or the Supreme Court issue an opinion holding that a text message is a call for the purpose of the TCPA, this Court will continue to follow existing Eleventh Circuit precedent and hold that a text message is a call for the purpose of the TCPA.").

94. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called

party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

95. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

96. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

97. Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the members of the Sender Identification Class while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

98. Defendant therefore violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Sender Identification Class, more than one solicitation call in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(4).

99. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as a class representative of the Classes under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e. Enjoining Defendant from continuing its violative behavior, including placing telephone calls with the use of an artificial or prerecorded voice to consumers without prior express consent, and placing solicitation calls to telephone numbers registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the Robocall Class damages under 47 U.S.C. § 227(b)(3)(B);

g. Awarding Plaintiff and the members of the Robocall Class treble damages under 47 U.S.C. § 227(b)(3)(C);

h. Awarding Plaintiff and the members of the Federal Do-Not-Call Registry Class and Sender Identification Class damages under 47 U.S.C. § 227(c)(5)(B);

i. Awarding Plaintiff and the members of the Federal Do-Not-Call Registry Class and Sender Identification Class treble damages under 47 U.S.C. § 227(c)(5)(C);

j. Awarding Plaintiff and the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

k. Awarding Plaintiff and the members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

l. Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: October 19, 2026.

*/s/ Bryan A. Giribaldo*
Bryan A. Giribaldo
bgiribaldo@pkglegal.com
Alex D. Kruzyk
akruzyk@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444
Fax: (877) 453-8003

*Counsel for Plaintiff and the proposed classes*